United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10803
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY E. T. INGRAM,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-46-A-1
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Tommy E. T. Ingram appeals his sentence following his guilty plea to one count of mail fraud and one count of subscribing to a false tax return.

Ingram argues that the district court erred in finding that the loss amount attributable to him for sentencing and restitution purposes was approximately $12,500,000. Following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), this court has held that the application and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpretation of the guidelines continue be reviewed de novo. See United States v. Villegas, __ F.3d __, No. 03-21220, 2005 WL 627963 at *2, (5th Cir. Mar. 17, 2005). When the parties have agreed that factual findings are reviewed for clear error, we also have "assume[d] without deciding that clear error is the proper standard post-Booker." United States v. Infante, __ F.3d __, No. 02-50665, 2005 WL 639619 at *12 n.14, (5th Cir. Mar. 21, 2005). Prior to Booker, the parties in the instant case also agreed that factual findings should be reviewed for clear error. Therefore, we "assume without deciding" that the clear error standard applies. See id.; see also United States v. Randall, 157 F.3d 328, 330 (5th Cir. 1998) (loss amount under U.S.S.G. § 2F1.1 reviewed for clear error). The propriety of a particular award of restitution is reviewed for an abuse of discretion. See U.S. v. Hughey, 147 F.3d 423, 436 (5th Cir. 1998).

The district court did not clearly err in attributing fraud committed by Ingram's co-defendant to him or abuse its discretion in its restitution award. Ingram admits that he knew approximately 60% of the submitted invoices were fraudulent. Despite Ingram's assertion that he could not determine whether the other invoices were fraudulent because he was unqualified for his job, given that the scale of the fraud was so great, the district court's finding that the full amount of the fraud was reasonably foreseeable to him was not clearly erroneous.

Ingram also argues that the district court clearly erred by imposing a two-level enhancement for the use of "sophisticated means." U.S.S.G. § 2F1.1(b)(6)(C). Although the basic principles of the scheme were simple, Ingram and Brooks used sophisticated means to carry out their scheme, to shield it from scrutiny, and to disguise the source of their gains. The district court's findings were not clearly erroneous.

Ingram also argues that the district court erred by denying a reduction for acceptance of responsibility. Our standard of review is highly deferential, and we will "affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is 'without foundation.'" United States v. Anderson, 174 F.3d 515, 525 (5th Cir. 1999). The district court's decision was not "without foundation." Although Ingram entered a timely guilty plea and provided extensive information to the Government, the district court found that he had tried to minimize the amount of money he received and his awareness of the scope of the scheme.

Ingram also argues that his sentence must be vacated pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004). He concedes that this issue was not raised below and that plain error review applies. Neither party has addressed the effect of the Supreme Court's recent decision in Booker, which held that Blakely was applicable to the federal sentencing guidelines. 125 S. Ct. at 746. We conclude that, following Booker, Ingram

has demonstrated "error" that was "plain" because the district court made findings not admitted or proven to a jury that resulted in an enhanced sentence. See United States v. Mares, __ F.3d __, No. 03-21035, 2005 WL 503715 at *8 (5th Cir. Mar. 4, 2005). However, because the district court sentenced Ingram to the statutory maximum (and indicated it would have imposed an even higher sentence but for the statutory maximum), we conclude that Ingram can not demonstrate that the district court "would have reached a significantly different result" under an advisory scheme. Id. at *8-9.

AFFIRMED.